[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE FOURTH COUNT
This action arises out of a construction contract for a playing field and track at Berlin High School between the plaintiff contractor and the Town of Berlin. The seven count complaint alleges breach of contract, tortious interference with contractual relations and unjust enrichment against the Town, its clerk of the works Lester J. Rowling, and the architect. CT Page 2867
Defendant Town and Mr. Rowling move to strike the Fourth Count, alleging a violation of General Statutes 42-110b. "CUTPA", on the ground that the Town and Mr. Rowling are exempt from a CUTPA claim under General Statutes 42-110c.
In the fourth count of the complaint, the plaintiff alleges that the defendants "misrepresented the plaintiff's financial condition and ability to perform work on the project to sub-contractors and the general public" and that the defendants "maliciously intended to have the plaintiff removed from project [sic] in order to substitute their own favored contractor." The plaintiff alleges that these actions, as well as defendant's misrepresentations, late payments and intentionally and maliciously withholding of payment to the plaintiff "are a violation of CUTPA.
Plaintiff argues that the defendants' conduct because it was malicious is "outside of any statutory authority these defendants may have had pursuant to their municipal positions.
General Statutes 42-110c, entitled "Exceptions," states in part that "(a) [n]othing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . ."
In Connelly v. Housing Authority, 213 Conn. 354,567 A.2d 1212 (1990), the Connecticut Supreme Court held, pursuant to General Statutes 42-110c, that the acts of municipal housing authorities are exempt from the operation of CUTPA. The court reasoned as follows:
 [T]he actions of the defendant, a creature of statute, are expressly authorized and pervasively regulated by both the state department of housing and HUD. As such, the plain language of 42-110c exempts the [actions of the housing authority] from CUTPA scrutiny. . . . The state statute and the federal regulations set forth in great detail the municipal [housing authority's] responsibilities and provide carefully balanced procedural and substantive remedies for public CT Page 2868 housing tenants in a variety of situations. These specific statutory remedies carefully balance the rights and obligations of municipal housing authorities and their tenants . . . . None of these specific statutory provisions makes reference to CUTPA. The carefully crafted equilibrium between the competing interest of municipal housing authorities and public housing tenants . . would be upset by holding that a CUTPA remedy . . . applied in addition to those remedies.
It is true that the court did not expressly hold that municipalities are not subject to CUTPA liability. However, a number of superior court cases have relied upon the holding of Connelly v. Housing Authority, supra, in striking CUTPA claims against municipal defendants. Stack Contracting Services v. Stamford, 5 Conn. L. Rptr. 233 (October 28, 1991, Murray, J.), Metcalfe v. Town of Ridgefield,1 Conn. L. Rptr. 553, 554 (April 27, 1990, Flynn, J.), Chernet v. Town of Wilton, 2 Conn. L. Rptr. 475, 476 (September 28, 1990, Cioffi, j.), Metropolitan District v. Miller, 6 CSCR 919 (September 25, 1991, Wagner, J.), French v. Wallingford Board of Education, 3 Conn. L. Rptr. 59 (December 20, 1990, Berdon, J.).
Claims of malicious conduct, without buttressing them with supporting facts, are not sufficient to overcome the statutory exemption. Warner v. Leslie-Elliot Consultors, Inc., 194 Conn. 129, 139 (1984).
Motion to Strike Fourth Count is granted.
Wagner, J.